The opinion of the Court was delivered by
Bermudez, C. J.
The Relator, who is the Recorder of Conveyances for the Parish of Orleans, and whose annual salary is fixed by tbe Constitution*, Article 144, at $2,500, claims to be paid, by preference, overall others seeking payment, out of the fund created by the Constitution, Article 146, and known as the “judicial fund,” where their salary is not likewise fixed.
After issue joined by the State Treasurer, the lower court rendered judgment agreeably to the prayer of tlie petition. From tliis judgment the defendant and a deputy clerk, who alleges an interest within our jurisdiction, have appealed.
The differences of the parties arise from a shortness of the fund out of which they are to be paid, and are now submitted for adjudication.
The contention here is, that not only is the Relator not entitled to a preference, but that he. ranks next to those who truly form part of the judiciary department, and who are recognized as such: that at best, the Relator can only ask and he allowed an equal participation in the judicial fund.
The Article (146) upon which the litigation hinges, provides: “All fees and charges fixed hy law for the various courts of the Parish of Orleans, and for the Register of Conveyances and Recorder of Mortgages of said parish, shall enure to the State, and all sums realized therefrom, shall he set aside and held as a special fund, out of which shall he paid hy preference, the judicial expenses of the Parish of Orleans, provided that the State shall never make any payment to any Sheriff, Clerk, Register of Conveyances, Recorder of Mortgages of the *550 Parish of Orleans, or their deputies, for salary, or other expenses of their respective offices, except from the special fund provided by this Article, and any appropriation made contrary to this provision shall be null and void.”
This Article clearly conveys the idea that all the fees mentioned in it shall accrue to the State, but that they shall be kept separate for the payment, by preference, of the judicial expenses of the Parish of Orleans, the balance, if any, remaining thereafter, to be subject to be applied by the State, without preference over the j udicial expenses, to such of her creditor's as, under some legal appropriation, may be entitled to be satisfied out of it. The object of the Article was to secure, by a Constitutional provision beyond the reach of legislative action, the payment, above all, of the judicial expenses of the Parish of Orleans. In the absence of any formal expression in the Constitution, as to who the officers are, who may be entitled to share or participate in a distribution of the fund realized, a litigation has arisen which this Court has adjusted. Of the ruling made in that controversy, this Court has the right to take and takes official notice, the moro so, as the Relator was a party to it. See O. B. No. 55, fol. 146, not reported. It is referred to, however, only as an incident.
Had not the Constitution mentioned the Relator, in a manner which leads to the inference that he is to be considered, for the purpose of the disposition of the fund in question, as attached to the judicial organization, it might be a matter involved in considerable doubt, whether he could be regarded as belonging to it at all. He is neither a judge, nor a clerk, nor a sheriff, who are generally considered as representing, each one in his sphere, the judicial authority; the judge to decide, the clerk to keep a record and to issue process, the sheriff to execute the orders and mandates of the Court.
Conceding, therefore, that the Relator is entitled to be paid out of the funds constituted by the fees received and paid into it, the question presents itself, whether he is entitled to a priority over the others who are also directed to be paid out of it.
In support of that theory, the argument is made that his salary being fixed by the Constitution, must, like that of all the other officers similarly situated, be paid anterior to that of the other officers whose pay has not been fixed by the organic law. In justification of such a claim, the Court is referred to the ruling in the Collens’ case, 32 A. 1213.
We do not consider that, by the terms of the Constitution, the Relator is entitled to the privilege which he asserts. One provision of the Constitution does not necessarily control another, unless it clearly appears that it was so designed. The Article to which the Relator points as‘fixing his salary, must be taken and construed together with *551 the other Article, which directs from what source and in what manner that salary shall be paid. If one Article controls the other, it is surely not that which fixes the amount of the salary, but rather that which circumscribes its mode of payment. To view them in a different light would be to ignore the fundamental canon of interpretation, which forbids the nullification of important expressions of a law, where effect can be given to all of them. 1 A. 162; 14 A. 419; 21 A. 407 ; 32 A. 597 ; R. C. C. 17.
The object which the Convention had in view, when it fixed the Relator’s salary, could only be to place it beyond legislative reach. It could not be to entitle him to a preference over those who belong really to the designated local judicial organization. Construing the provisions invoked, as the Relator claims that they should be, would be to make the Constitution read, that the Relator is to be paid first, and in full, out of the judicial fund, and that next to him, the judicial expenses are to be satisfied.
• The designation of a mode of payment, namely : the payment of all judicial expenses out of the judicial fund, by preference, implies a placing of all the parties representing them on a level of equality.
The argument that, if the construction contended for, be not put on those Articles, the legislature may materially affect the rights of the Relator to be paid out. of the same source, is one ab ineonvenienti, which cannot be addressed to this Court, and which lacks solid foundation.
The authority referred to — the Collens’ case — does not sanction the claim of the Relator. In that case, the Court declared that the legislature could not impair a constitutional immunity, because not warranted in so doing.
In this case, the Court is not called on to pass upon the constitutionality of any actual legislative action, but solely to measure the Constitution by itself.
While the Constitution fixes and restricts the salary of certain named officers, among whom the Relator, who aré directed to be paid, out of the judicial fund, it expressly authorizes the legislature to provide for the i>ayment of other designated officers, Arts. 143, 144, 145, 146; but only out of this identical fund. As the legislature is empowered to appropriate from that fund and not from any other, to pay the officers mentioned, it can exercise the. power delegated, but not further than granted.
If the fund prove insufficient to pay as well the officers whose salary is fixed by the Constitution, as those whose pay is fixed by the legislature, the irresistible and equitable consequence is, that the fund which is constituted by the yieldings of the officers representing' the judicial fund, must be ratably subjected and distributed in satisfaction of those *552 expenses, which are together entitled, without discrimination, to a preference over all other. claims .which might be satisfied by the State out of the same fund.
It is well observed by the able counsel who represent the appellants, that it seems difficult to appreciate that the Relator should have a a preference, because of those provisions in the Constitution on which he relies, when the same Constitution, in terms equally mandatory, exacts that the judicial expenses shall also be paid from the same fund upon which he attempts to found his preference.
Indeed, while the Constitution enacts that the Relator shall be paid, it likewise decrees that the judicial expenses shall also be paid, and as to both, it commands that they be satisfied out of the same fund, pari passu, the several claims enjoying an equal dignity.
The complaint that, as at present existing, the source of revenue out of which the fund is to be formed, is insufficient to pay the Relator and the other remaining officers, is no doubt meritorious, but not when addressed to this Court. It should bo directed to the body which has the power to relieve them by providing for more abundant means of payment.
Were we to .sanction the theory urged on behalf of the Relator, we would be amenable to the founded charge of violating the fundamental maxim, that every positive direction contains an implication against everything contrary to it, or which would frustrate or disappoint the object of the provision. Cooley, C. L. 88.
We regard the Constitutional Articles, considered in this case, as designed to secure to each and every participant an equal right to be paid his salary, from the amount to be applied, by preference over all who do not represent the judicial expenses, out of the judicial fund, and ratably in case of inadequacy.
The judgment of the lower court is erroneous.
It is, therefore, ordered and decreed, that the judgment appealed from be reversed, and proceeding to render such judgment as should have been rendered.
It is ordered, adjudged and decreed, that the demand of the Relator to be paid his salary, by preference or priority, out of the judicial fund, be rejected; and that the right of all the officers representing the judicial expenses, to be paid out of said fund, be recognized and declared to be of equal dignity.
It is further ordered, that appellee pay costs in both Courts.